IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0117 (01) |
| | § | |
| ROSALIO NAVARRETE MATA | § | |

**REPORT AND RECOMMENDATION**
**TO DENY MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

On June 24, 2005, defendant ROSALIO NAVARRETE MATA filed with this Court a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, wherein he challenges a 60-month sentence assessed on or about February 17, 2004 after his conviction, pursuant to a guilty plea, for the offense of illegal re-entry of an alien after deportation. For the reasons set forth below, defendant is not entitled to relief and this motion should be denied.

I.
MERITS

Defendant first appears to challenge his sentence violated the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Defendant's reliance on *Apprendi* is misplaced. In *Apprendi* the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable

doubt (emphasis supplied)." 530 U.S. at 490.

Defendant's sentence does not violate *Apprendi*. Defendant pleaded guilty to Count One of the indictment charging violations of 8 U.S.C. §§ 1326(a)(1), (b)(2) and 6 U.S.C. §§ 202(3), 204(4), and 557, Illegal Reentry after Deportation. The maximum punishment that could have been imposed was twenty (20) years. Pursuant to the terms of the "Plea Agreement," defendant was informed of the maximum punishment, and he and his attorney both appeared in person and signed the "Plea Agreement." Defendant's sentence of 60 months did not exceed the statutory maximum of twenty (20) years. No violation of *Apprendi* occurred.

Defendant next challenges his sentence based upon the recent United States Supreme Court decision in *Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403, 72 U.S.L.W. 4546 (June 24, 2004). In *Blakely*, the Supreme Court considered a state's sentencing procedure which allowed a state judge to impose a sentence above the offense's statutory maximum punishment upon the judge finding aggravating factors that justify such an upward departure. In *Blakely*, the state judge determined such factors existed and sentenced the defendant to more than three (3) years above the statutory maximum. The Court found the facts supporting the state judge's finding were neither admitted by petitioner nor found by a jury. Noting the jury's verdict alone did not authorize the sentence, the Supreme Court found the state's sentencing procedure did not comply with the Sixth Amendment right to trial by jury.

In *United States v. Pineiro*, 377 F.3d 464, 473 (5th Cir. 2004), the Fifth Circuit considered the impact of *Blakely* on the federal Sentencing Guidelines and held that *Blakely* does not extend, or apply, to the federal Sentencing Guidelines. *See also United States v. Owen*, 2004 WL 1982394, *1 (5th Cir. Sept. 7, 2004); *United States v. Cuellar,* 2004 WL 1854504, *1

(5th Cir. Aug. 18, 2004).  Therefore, under the law of this circuit, defendant's claim that his sentence, assessed under the federal Sentencing Guidelines, is unconstitutional based upon *Blakely* and, thus, should be vacated, is foreclosed by binding precedent.  Such a claim is not cognizable in a section 2255 action absent an on-point *en banc* decision from the Fifth Circuit or an intervening ruling from the United States Supreme Court.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to vacate, correct or set aside sentence filed by defendant ROSALIO NAVARRETE MATA be DENIED.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of June 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first

page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).